SLR: LDM/BDM: CSK
F. #2010R01661
OCDETF #: NY-NYE-648Z/NY-NYE-670Z

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA

    - against -

HECTOR FLORES,

       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY - 6 2013 ★

**BROOKLYN OFFICE**

PRELIMINARY
ORDER OF FORFEITURE

11-CR-486 (S-1) (DLI)

WHEREAS, in the above-captioned case, on or about March 12, 2013, the

defendant, HECTOR FLORES, plead guilty to a lesser-included offense within Count Three of

the above-captioned superseding Indictment, charging a violation of 21 U.S.C. §§§ 846,

841(b)(4) and 844(a);  and

    WHEREAS,  pursuant to 21 U.S.C. § 853, the defendant consents to the forfeiture

of all right, title, and interest, if any in:

 (1) the real property located at 300 Mamaroneck Avenue, Apt. 325, White Plains,

   New York;

 (2) the real property located at 2797 Mandalay Beach Road, Wantagh, New York;

 (3) the real property located at 64 Crotty Avenue, Yonkers, New York;

 (4) approximately $246,687.52 received  in lieu of  24 Seagull Lane, Lincroft,

   New Jersey;

 (5) one  2010 Grey Volkswagen Jetta with New York Registration Number EVB3720;

 (6) one 2006 Blue Buick Rendevous with New York Registration Number DRP3365;

(7)   one 2007 Grey Cadillac with New York Registration Number EXB9982;

(8)   one 2007 Grey Audi A8 with New York Registration Number FCW9455;

(9)   one Grey Nissan 350Z with Florida Registration Number PEA2Q;

(10)   one 2008 Black Cadillac Escalade with New York Registration Number
       FHR1121;

(11)   one 2007 Grey Jeep Grand Cherokee Cadillac with New York Registration
       Number ECT6888;

(12)   one 2009 Acura TSX with New York Registration Number EJT3935;

(13)   a Grey Volkswagen Golf with New York Registration Number ERK4718;

(14)   one 2008 Green Volkswagen Passat with New York Registration Number
       DFN2049;

(15)   one 2007 Nissan with New York Registration Number DVE9907;

(16)   a Blue Nissan Altima with New York Registration Number EHA5720;

(17)   a Grey Infiniti G35 with New York Registration Number ENA7984;

(18)   a White Mercedes Benz E55 with New York Registration Number CMP5959;

(19)   a Grey Cadillac DeVille with New York Registration New Jersey Registration
       Number DZZ46;

(20)   one 2007 Toyota Sequoia with New York Registration Number CTL6853;

(21)   one 2006 Black Lincoln Navigator with New York Registration Number
       ETM3164;

(22)   a Black Lincoln with New York Registration Number FBE3831;

(23)   a Grey Tahoe with New York Registration Number ENF2892;

(24)   one 2008 Black GMC Yukon with Pennsylvania Registration Number HCF9792;

(25)     one 2007 Black Chevy Tahoe with New York Registration Number EVV1312;

(26)     a 2007 White Cadillac Escalade with New York Registration Number EVS6165;

(27)     a Grey Pontiac Grand Prix with New York Registration Number ESD6545;

(28)     a Grey Mercedes Benz with New York Registration Number FCY2915;

(29)      a Grey Mercedes Benz 500 with New York Registration Number EDE6255;

(30)     a Grey Mercedes Benz SL5 with New York Registration Number DMM8246;

(31)     one 2008 Black Cadillac Escalade with New York Registration Number
FHR1121;

(32)      one 2003 White Mercedes Benz with New York Registration Number ESR9299;

(33)     one 2010 White Dodge Ram 1500 with New York Registration Number
EWD1800;

(34)     a Black Chevy Cavalier with New York Registration Number EUG5973;

(35)     one 2008 Black Lincoln Navigator with New  York Registration Number
EPU8066;

(36)     a Grey Yukon with New York Registration Number EMZ1851;

(37)     a Black GMC Yukon with New York Registration Number EYD7688;

(38)     a Grey Chevy Impala with New Jersey Registration Number ZZZ46X;

(39)     $180,000.00 in United States currency seized on or about July 2, 2010;

(40)     $155,000.00 in United States currency seized on or about October 13, 2010;

(41)     $300,000.00 in United States currency seized on or about March 11, 2011;

(42)     $6,460.00 in United States currency seized from the residence of defendant
BRIAN DUBYLNN at the time of his arrest;

(43)     $5,900.00 in United States currency seized from defendant SELMAN LAJQI at the time of his arrest;

(44)     $4,000.00 in United States currency seized from defendant MAL REXHA at the time of his arrest; and

(45)     $14,000.00 in United States currency seized from defendant GJAVIT THAQI at the time of his arrest and allegedly claimed by defendant MAGDALENA NIKOLLAJ (also known as "Magdalena Karaqi") (items 1 – 45 collectively hereinafter, the "Forfeited Assets"), as property, real or personal, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of the defendant's violation of 21 U.S.C. § 846, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1.     The defendant shall forfeit to the United States all his right, title, and interest in any and all of the Forfeited Assets in which he has an interest pursuant to 21 U.S.C. § 853.

2.     Upon entry of this Order, the United States Attorney General or his designee is authorized to seize the Forfeited Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3), and to commence any applicable proceeding related to third-party rights, including giving notice of this Preliminary Order.

3.     The United States shall publish notice of this Order, in accordance with the custom and practice in this district, on the government website www.forfeiture.gov, of its intent to dispose of the Forfeited Assets in such a manner as the Attorney General or his designee may direct.  The United States may, to the extent practicable, provide direct written notice to any

person known or alleged to have an interest in the Forfeited Assets as a substitute for published notice as to those persons so notified.

4.      Any person, other than the defendant, asserting a legal interest in the Forfeited Assets may, within thirty (30) days of the final publication of notice or receipt of notice, or no later than sixty (60) days after the first date of publication on the official government website, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).  Any petition filed in response to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

5.      The defendant shall fully assist the Government in effectuating the surrender of any of the Forfeited Assets in which he has interest by, among other things, executing any documents necessary to effectuate any transfers of title of the Forfeited Assets to the United States.  The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Assets in any administrative or judicial proceeding.  If the Forfeited Assets, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the Forfeited Assets in which he has an interest not forfeited, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 2254(b), the Federal Debt Collection Procedures Act, or any other applicable law.  The forfeiture of the Forfeited Assets shall not be considered a payment of a fine or a payment on any income taxes that may be due.


*United States v. Hector Flores*, *Preliminary Order of Forfeiture, CR-11-0486 (S-1)*

6.      The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder.  In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of his sentencing and shall be made part of the defendant's sentence and included in the judgment of conviction.  If no third-party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).  At that time, the properties forfeited herein shall be forfeited to the United States for deposition in accordance with law.

8.      The United States Shall have clear title to the Forfeited Assets following the Court's deposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

9.      The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Preliminary Order.

10.     This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

_United States v. Hector Flores_, Preliminary Order of Forfeiture, CR-11-0486 (S-1)

11.     The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order.

12.     The Clerk of the Court is directed to send, by inter-office mail, four certified copies of this Preliminary Order to the United States Attorney's Office, Eastern District of New York, ATTN: Maritza Arroyo, FSA Paralegal, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
~~April~~        , 2013
May 2,

So Ordered:

S/ Dora L. Irizarry

___

HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

*United States v. Hector Flores*, Preliminary Order of Forfeiture, CR-11-0486 (S-1)